UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAVID GARDNER,<br>No. 00094231, | ) ) ) | |
| Plaintiff, | ) ) | No. 3:17-cv-00811 |
| v. | ) ) ) | Judge Trauger |
| DENT MORRISS, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **M E M O R A N D U M**

Plaintiff, an inmate of the Whiteville Correctional Facility in Whiteville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Dent Morriss, Mike Jones, Glenn Funk, John Wesley, Whitley Ray, Judge Gay, Phyllis Morriss, Goodlett Collier, John Gasaway, and Gregory Smith, alleging violations of the Plaintiff's federal civil rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. The Plaintiff also filed a "motion to amend and add defendants." (Doc. No. 3).

**I.    Motion to Amend**

Rule 15(a) (2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. Brumbalough v. Camelot Care Ctrs., Inc., 427 F.3d 996, 1001 (6th

1

Cir. 2005). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." Miller v. Calhoun Cnty., 408 F.3d 803, 817 (6th Cir.2005) (citing Neighborhood Dev. Corp. v. Advisory Council on Historic Pres., 632 F.2d 21, 23 (6th Cir.1980)).

Although there appears to be no undue prejudice to the opposing parties by permitting the Plaintiff to amend his complaint at this time, the "motion to amend and add defendants" (Doc. No. 3) does not explain why the Plaintiff wishes to add the two named individuals as Defendants. The Plaintiff fails to allege any specific personal involvement of either Jason White or John Germanis in the events described in the complaint. A plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation, Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982), and the Plaintiff here has failed to do so with regard to these two proposed Defendants. The Court therefore will deny the motion to amend as futile.

## II.  PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007),

"governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. Section 1983 Standard

Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

**IV.    Alleged Facts**

The complaint alleges that Defendant Morriss "and other defendants . . . intentionally, maliciously, wrongfully, and illegally" had the Plaintiff incarcerated "out of revenge." (Doc. No. 1 at 5). According to the complaint, the Plaintiff was prosecuted by Defendant Morriss who, the Plaintiff later found out, was engaged at the time to the victim of the Plaintiff's alleged crimes, Defendant Phyllis Morriss. The complaint alleges that Defendant Morriss conspired with his now wife, Defendant P. Morriss, "to maliciously prosecute and violate Mr. Gardner's constitutional rights to freedom and cause Mr. Gardner's incarceration and deprived him of his Federal guaranteed rights." (Id. at 8). Further, the complaint alleges that Defendants D. Morris and Gregory Smith threatened the Plaintiff's life during the Plaintiff's post-conviction proceedings in an effort to quiet him. (Id. at 9).

**V.    Analysis**

**A.    Malicious prosecution claims**

The complaint alleges federal malicious prosecution claims against all Defendants. However, regarding most of the Defendants named in the complaint, the Plaintiff fails to allege any specific personal involvement of those Defendants in the events described in the complaint. A plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation, Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982), and the Plaintiff here has failed to do so with regard to Mike Jones, Glenn Funk, John Wesley, Whitley Ray, Judge Gay, Goodlett Collier, and John Gasaway. Therefore, the Plaintiff's claims against those Defendants must be dismissed.

As to the Plaintiff's claims against Defendants Dent Morris, Phyllis Morriss, and Gregory Smith, "[t]he Sixth Circuit 'recognize[s] a separate constitutionally cognizable claim of malicious

4

prosecution under the Fourth Amendment,' which 'encompasses wrongful investigation, prosecution, conviction, and incarceration.'" Sykes v. Anderson, 625 F.3d 294, 308 (6th Cir. 2010) (quoting Barnes v. Wright, 449 F.3d 709, 715–16 (6th Cir. 2006)). "The 'tort of malicious prosecution' is 'entirely distinct' from that of false arrest, as the malicious-prosecution tort 'remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process.'" Id. (quoting Wallace, 549 U.S. at 390). To succeed on such a claim, the plaintiff must show that (1) a criminal prosecution was initiated against the plaintiff, and the defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty; and *(*4) the criminal proceeding has been resolved in the plaintiff's favor. Id.; see also Heck v. Humphrey, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that, to recover damages under § 1983 for an allegedly unconstitutional conviction, "or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus).

The Plaintiff cannot sue Defendant D. Morris, who the Plaintiff identifies as "a district attorney who works for the State of Tennessee, who at all times mentioned in this complaint held the rank of Lead Prosecutor assigned to the plaintiff's case" (Doc. No. 1 at 3), for money damages arising from the institution of criminal proceedings against him. Prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430–31, 96 S. Ct. 984, 47 L.Ed.2d 128 (1976). "A prosecutor's decision to initiate a

prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." Howell v. Sanders, 668 F.3d 344, 351 (6th Cir. 2012). Therefore, the Plaintiff's claims for money damages against Defendant D. Morriss for these activities are barred by absolute prosecutorial immunity. Id. at 427–28; Burns v. Reed, 500 U.S. 478, 490–492, 111 S. Ct. 1934, 114 L.Ed.2d 547 (1991); Grant v. Hollenbach, 870 F.2d 1135, 1137 (6th Cir. 1989); Jones v. Shankland, 800 F.2d 77, 80 (6th Cir. 1986).

Furthermore, the complaint does not allege that Plaintiff's conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Thus, because the complaint does not allege that the criminal proceedings have been resolved in the Plaintiff's favor, the Plaintiff's malicious prosecution claims against Defendants D. Morriss, P. Morriss, and Gregory Smith must be dismissed.

**B. Heck claims**

Some of the Plaintiff's claims sound in *habeas corpus* and are not appropriately brought in a § 1983 action. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges **the fact or duration of his confinement** . . . even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994)(citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973))(emphasis added). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. Heck, 512 U.S. at 489-90 (claim for damages is not cognizable); Preiser, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated,

*i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. Heck, 512 U.S. at 486-87; Ruff v. Runyon, 258 F.3d 498, 502 (6th Cir. 2001). More recently, the United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, such as here, but instead challenge the procedures that imply unlawful confinement. Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Under Heck, the Court cannot grant the relief requested (release from custody) by the Plaintiff in his complaint. (Doc. No. 1 at 11). The Plaintiff's claims concerning the validity of his continued confinement would be more appropriately brought in a separate petition for writ of *habeas corpus*, not in a civil rights complaint. Those claims will be dismissed without prejudice, should the Plaintiff wish to pursue them via the appropriate legal route.

## VI. Conclusion

As set forth above, the Court finds that the Plaintiff's motion to amend will be denied as futile. Further, the Court finds that the complaint fails to state claims upon which relief can be granted, and this action will be dismissed. However, this dismissal will be without prejudice to the Plaintiff's ability to pursue any remedies available to him by way of a petition for writ of *habeas corpus*.

An appropriate order will be entered.

ENTER this 5th day of September 2017.

_____
Aleta A. Trauger
United States District Judge